(No. 4236

VICTORIA GREEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

ALBERT N. KENNEDY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Victoria Green, seeks to recover under the Workmen's Compensation Act for total permanent disability resulting from an accident that arose out of and in the course of her employment as an attendant at Dixon State Hospital, operated by the Department of Public Welfare. No jurisdictional questions are involved.

On June 12, 1949, claimant, while on duty in one of the wards of the mental institution was brutally assaulted and beaten by three patients, one of whom used a fire hose nozzle. Her injuries were so severe that it was doubted for some time she would survive. But there can be no doubt that claimant is totally and permanently disabled. Her testimony and that of two State doctors categorically leads to this inescapable conclusion.

Claimant sustained the following injuries: Five large and five small lacerations on her forehead and forepart of head (requiring 31 sutures); lacerations on inside of upper lip; bilateral hematoma on eyelids; abrasions and bruises on left side of neck; shock; comminuted fracture of frontal bone; fracture of left maxilla and fracture of nasal bone. She was almost scalped and her face was terribly mangled and deformed.

At the date of the hearing claimant still suffered from dizziness, instability, disturbance of central nervous system, loss of taste and hearing, high blood pressure aggravated by the injuries she sustained and difficulty in breathing through her nose. She was unable to perform any gainful employment, and both doctors stated her condition was permanent.

Claimant is, therefore, entitled to an award for total permanent disability with a life pension. Section 8 (f), Workmen's Compensation Act.

Claimant was 75 years of age at the time of the accident. She was a widow and had no dependents. Her earnings in the year preceding the date of the accident were $2,100.00, and her rate of compensation is, therefore, $19.50 per week.

The only confusing aspect of this case relates to payments for temporary total disability which must be deducted from the award for total permanent disability to reach a net award. Section 8 (f), Workmen's Compensation Act. Respondent is of the opinion that maintenance furnished claimant at the rate of $32.00 per month should be credited against the amount of compensation paid. We cannot agree with this contention since it is more properly considered as a portion of the medical and hospital services respondent was required to furnish claimant. Section 8 (a), Workmen's Compensation Act. Claimant was, however, paid her full wages of $175.00 for the first month after her accident and then was supposed to be paid five months at the rate of $105.00 per month, or a total of $700.00. For some reason or other she was paid only $677.78. She has thus been underpaid for temporary total disability.

At the date of the hearing claimant was and, as of today claimant is, still living at the hospital at Dixon State Hospital. She is thus still being furnished medical treatment and hospitalization. We hold that the deduction from the gross award to arrive at a net award should be $677.78.

Helen Heckman, Dixon, Illinois, was employed to take and transcribe the testimony before the Commissioner and her charges therefor amount to $32.50, which is reasonable. An award is entered in her favor for such amount.

An award is entered in favor of claimant, Victoria

Green, in the amount of $5,200.00, less the sum of $677.78, or a net award of $4,522.22 plus a lifetime pension of 8 per cent of $5,200.00 or $416.00 per year payable monthly after said sum of $4,522.22 shall have been paid to claimant, said award being payable as follows:

$1,002.86 less payments already made on temporary total disability of $677.78, or the sum of $325.08 which has accrued and is payable forthwith;

$4,197.14 which is payable in weekly installments of $19.50 per week commencing on June 13, 1950, for 215 weeks plus one final payment of $4.64 and, thereafter, a pension for life payable monthly commencing one month after the date of the payment of said final payment of $4.64 at the rate of $34.66.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. *Penwell* v. *State,* 11 C.C.R. 365, and same case, No. 3025, opinion filed May 9, 1950.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."